IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROMMEL ESPIRITU** and **LEONARD HODGES,** individually and on behalf of all others similarly situated, | Civil Action No.: 23-722 |
| | COMPLAINT — COLLECTIVE ACTION |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| **COLONIAL LOGISTICS, LLC,** **AMAZON.COM, INC.,** and **AMAZON LOGISTICS, INC.,** | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Rommel Espiritu and Leonard Hodges ("Plaintiffs"), through undersigned counsel, individually, and on behalf of all others similarly situated, file this Collective Action Complaint ("Complaint") against Defendants Colonial Logistics, LLC ("Colonial"), Amazon.com, Inc., and Amazon Logistics, Inc. (together, "Amazon,") (collectively, "Defendants") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Colonial supplies last-mile delivery services to Amazon via its participation in Amazon's Delivery Service Provider ("DSP") program. Colonial employed Delivery Associates – such as Plaintiffs and the proposed Collective – to deliver packages to Amazon's customers.

2. This case is about Defendants' failure to comply with applicable wage laws and to

pay its non-exempt Delivery Associates for all time worked – including overtime – as required to meet Amazon's delivery needs and deliver hundreds of Amazon packages each day.

## JURISDICTION AND VENUE

3. This is a collective action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants and/or their alter egos or subsidiaries reside in and/or conduct business in this District.

## PARTIES

6. Plaintiff Rommel Espiritu is a citizen of Texas and resides in Fort Worth, Texas. Plaintiff Espiritu worked for Defendants as a Delivery Associate in Texas from November 2018 to December 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff Espiritu has consented to be a plaintiff in this action. *See* Exhibit A.

7. Plaintiff Leonard Hodges is a citizen of Texas and resides in Houston, Texas. Plaintiff Hodges worked for Defendants as a Delivery Associate in Texas from February 2019 to July 2019. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hodges has consented to be a plaintiff in this action. *See* Exhibit B.

8. Defendant Colonial Logistics, LLC is a limited liability company with principal offices in Houston, Texas. Colonial maintains operations and has employed members of the FLSA Collective (defined below) throughout the state of Texas.

9. Defendant Amazon.com, Inc. is a company with principal offices in Seattle, Washington, which operates throughout the United States, including in this Judicial District. Amazon.com, Inc. conducts business at 10384 W US Highway 90, San Antonio, Texas, 78245.

10. Defendant Amazon Logistics, Inc. is a company with principal offices in Seattle, Washington, which operates throughout the United States, including in this Judicial District. Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc.

11. The Amazon Defendants are referred to collectively as "Amazon."

12. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

13. During all times relevant, Amazon and Colonial acted as joint employers with respect to the Delivery Associates who delivered packages to customers of Amazon.

14. During all times relevant, Defendants were employers covered by the FLSA.

15. Defendants are, individually and together, an enterprise as defined within section 203(r)(1) of the FLSA.

16. At all times material to this action, Defendants have been engaged in commerce or in the production of goods for commerce as defined by the FLSA, and Defendants' employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

17. Defendants' annual gross volume of business each exceed $500,000.

## **COLLECTIVE DEFINITION**

18. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following collective:

All current and former Delivery Associates who were paid by Colonial Logistics, LLC to deliver packages to customers of Amazon.com in the United States at any time between October 12, 2017 through February 19, 2019 (the "FLSA Collective").

19. Plaintiffs reserve the right to redefine the Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTUAL ALLEGATIONS

20. Amazon contracts with delivery service providers to deliver goods that consumers purchased on Amazon.com.

21. Amazon contracted with Colonial to deliver packages that consumers purchased on the Amazon.com website.

22. Colonial employed Delivery Associates, such as Plaintiffs, to deliver packages consumers purchased on Amazon.com, including in Texas.

23. Plaintiffs and other Delivery Associates began their shifts once they arrived to pick up their vehicle at an offsite facility.

24. Plaintiffs waited until managers from Colonial arrived to provide each Delivery Associate with a bag that contained a "Rabbit" handheld scanning device containing an assigned route, a gas card and other materials related to their job duties.

25. Plaintiffs and other Delivery Associates were required to check in with Amazon employees in the Amazon Delivery Station before picking up their packages and beginning their routes.

26. Plaintiffs and other Delivery Associates were regularly scheduled to work four (4) or more days per week, with shifts that were scheduled for ten (10) hours.

27. Although shifts were scheduled for ten (10) hours per day, all of the work-related activities that Plaintiffs and Delivery Associates were required to perform often took ten (10) or

4

more hours per day to complete.

28. Plaintiffs regularly worked more than forty (40) hours a week. Plaintiffs observed that other Delivery Associates routinely worked similar hours.

29. Even after Delivery Associates finish delivering their assigned packages, they were required to "rescue" other Delivery Associates by going to meet another Delivery Associate in the field to help deliver some of their packages.

30. Prior to returning to the Delivery Station, Plaintiffs and other Delivery Associates had to refuel their vehicles. On occasion, Plaintiffs and Delivery Associates had to fuel before starting their route and again after completing their route.

31. Upon return to the Amazon Delivery Station, Plaintiffs and other Delivery Associates had to unload their vehicles and check in with supervisors concerning the day's route.

32. Plaintiffs observed other Delivery Associates routinely work similar schedules.

33. Defendants did not accurately record all time that Delivery Associates spent working for Defendants, and, as such, Delivery Associates performed work "off the clock."

34. Plaintiffs performed many of the aforementioned required work duties when they were not "on the clock."

35. As a result, Plaintiffs and the Proposed Collective were not paid for all time worked, including overtime to which they are entitled under the FLSA.

36. Defendants did not pay Plaintiffs and other Delivery Associates for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

37. Defendants paid Delivery Associates a fixed amount per day and regularly did not pay overtime premiums for hours worked more than forty (40) in a work week.

38. In addition, at times relevant, Plaintiffs and other Delivery Associates received other

forms of compensation for services in addition to the fixed sum of work per day.

39. By way of example, Defendants paid "bonuses" to Plaintiffs; however, Defendants failed to account for these "bonuses" when calculating the rate of pay for determining the proper overtime compensation. As such, Plaintiffs were systematically denied the proper overtime compensation owed.

40. Defendants' actions in violation of the FLSA were made willfully in an effort to avoid liability under the FLSA.

41. Defendants have failed to make, keep and preserve records with respect to the Plaintiffs and other Delivery Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

42. Defendants knew or, absent their own recklessness should have known, that the Delivery Associates were entitled to such overtime premiums.

43. Defendants have failed to pay Plaintiffs and Delivery Associates all overtime compensation owed.

44. By failing to pay all the overtime compensation owed to Plaintiffs and other Delivery Associates, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

45. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

46. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

47. Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked when they worked more than forty (40) hours per week and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

48. Specifically, Defendants failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek.

49. The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

50. Defendants jointly employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA: Failure to Properly Pay Delivery Associates**
**(On Behalf of Plaintiffs and the FLSA Collective)**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

53. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

54. The FLSA recognizes that more than one entity can be responsible for wage violations as an employer. Indeed, the FLSA's very broad definition of "employ"—which includes to "suffer or permit to work"—was designed to reach businesses, such as Amazon, that contract with companies such as Colonial, who directly employed Delivery Associates.

55. The FLSA defines an employee as "any individual employed by an employer", an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee", and the term employ to include "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(d), 203(g).

56. In 1945, the Supreme Court noted that "the term 'employee'" in the FLSA has "'the broadest definition . . . ever . . . included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)).

57. The FLSA must be construed liberally because broad coverage is essential to accomplish its goals. One goal is to root out wage and hour violations by holding "businesses [that] allow work to be done on their behalf" and have the power "*to prevent wage and hour abuses responsible, regardless of indirect business relationships or business formalities*." *See New York*

*v. Scalia*, No. 1:20-cv-1689-GHW, 2020 WL 5370871, *20 (S.D.N.Y. Sept. 8, 2020) (quoting Kati L. Griffith, The Fair Labor Standards Act at 80: Everything Old Is New Again, 104 Cornell L. Rev. 557, 571 (2019)) (emphasis added).

58. At all relevant times, Defendants were each an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. During all relevant times, Plaintiffs and the FLSA Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

60. Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

61. Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

62. Defendants' compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

63. Defendants knowingly failed to properly compensate Plaintiffs and the FLSA Collective for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

64. Defendants also failed to make, keep, and preserve records with respect to Plaintiffs and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

65. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

66. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief individually, and on behalf of all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs and the Collective are entitled to a jury.

Dated: June 2, 2023                                   Respectfully submitted,

*/s/ Sarah R. Schalman-Bergen*
Sarah R. Schalman-Bergen
Texas Federal Bar ID No. 2330780
Krysten Connon*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Tel.: (617) 994-5800
Fax: (617) 994-5801
ssb@llrlaw.com
kconnon@llrlaw.om

Michaela Wallin*
Alexandra K. Piazza
Texas Federal Bar ID No. 315240
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
mwallin@bm.net
apiazza@bm.net

Ryan Allen Hancock*
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

**Pro Hac Vice* Forthcoming

*Attorneys for Plaintiffs and the Proposed FLSA Collective*

# EXHIBIT A

# CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") arising out of my work with Amazon.com, LLC, Amazon Logistics, Inc., Colonial Logistics, LLC and/or related entities and individuals ("Amazon/Colonial").

2. I worked for Amazon/Colonial from on or about __11-2018__ (month, year) to on or about __12-2018__ (month, year). During this time, I worked for Amazon/Colonial in the following state(s): __Texas__.

3. I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4. I hereby designate Berger Montague PC, at 1818 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103, and Willig, Williams & Davidson, at 1845 Walnut Street, Suite 2400, Philadelphia, PA 19103 (together "Plaintiff's Counsel"), to represent me for all purposes in this action or any subsequent action against Amazon/Colonial.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: *Rommel Espiritu* (DocuSigned by: 2B60BFDDAEB54E9...)

Date: 3/1/2019

Name: Rommel Espiritu

Address: [redacted]

Telephone: [redacted]

E-Mail: [redacted]

**COMPLETE AND RETURN TO:**
BERGER MONTAGUE PC
ATTN: Alex Grayson
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3033
Fax: (215) 875-4604
Email: agrayson@bm.net

# EXHIBIT B

# CONSENT TO JOIN AND AUTHORIZATION TO REPRESENT
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq. ("FLSA") arising out of my work with Amazon.com, LLC, Amazon Logistics, Inc., Colonial Logistics, LLC and/or related entities and individuals ("Amazon/Colonial").

2. I worked for Amazon/Colonial from on or about __February, 2019__ (month, year) to on or about __July, 2019__ (month, year). During this time, I worked for Amazon/Colonial in the following state(s): __Texas__.

3. I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

4. I hereby designate Berger Montague PC, at 1818 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103, and Willig, Williams & Davidson, at 1845 Walnut Street, Suite 2400, Philadelphia, PA 19103 (together "Plaintiff's Counsel"), to represent me for all purposes in this action or any subsequent action against Amazon/Colonial.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature: _[DocuSigned signature — CF3480C44172401...]_

Date: 8/19/2020

Name: Leonard Hodges

Address: _[redacted]_

Telephone: _[redacted]_

E-mail: _[redacted]_

COMPLETE AND RETURN TO:
BERGER MONTAGUE PC
ATTN: Alex Grayson
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-4687
Fax: (215) 875-4604
Email: agrayson@bm.net