<table>
<tr><td>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

</td><td>

**FILED**
September 13, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

</td></tr>
</table>

**ROMMEL ESPIRITU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, and LEONARD HODGES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

   **Plaintiffs,**

v.

**COLONIAL LOGISTICS, LLC, AMAZON.COM, INC., AMAZON LOGISTICS, INC.,**

   **Defendants.**

BY: _____NM_____
     DEPUTY

**CIVIL NO. SA-23-CV-00722-OLG**

## ORDER APPROVING SETTLEMENT

This case is before the Court on Plaintiffs' Unopposed Motion to Approve the Settlement Agreement. (*See* Dkt. No. 13.) After careful consideration of the Motion and upon review of the terms of the parties' settlement agreement, the Court finds that Plaintiffs' Motion should be GRANTED.

Plaintiffs Rommel Espiritu and Leonard Hodges, proceeding individually and on a collective basis, filed their Collective Action Complaint against Defendants Colonial Logistics, LLC (Colonial), Amazon.com, Inc., and Amazon Logistics, Inc. (collectively, "Amazon"), asserting violations of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. §§ 201 *et seq.* Specifically, Plaintiffs allege that they were not paid all overtime compensation owed when they worked more than forty hours in a workweek. (*See generally* Dkt. No. 1.) The Settlement Collective Members are Plaintiffs and all Delivery Associates (DAs) who were paid by Colonial to deliver packages to customers of Amazon.com in the United States at any time between October 12, 2017, through February 19, 2019. (Dkt. No. 13 at 6 n.1.)

To approve an FLSA settlement, the Court must determine that the settlement is (1) a fair and reasonable resolution of (2) a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Although the Fifth Circuit does not require every FLSA settlement to obtain court approval,[1] because the parties in this case have requested court approval, the Court has reviewed their settlement agreement and finds the following.

***Bona fide dispute.*** The record indicates that the parties disputed various legal and factual issues, including: (1) the extent to which DAs were compensated for all overtime hours worked; (2) the appropriate rate at which overtime should be paid when DAs worked more than forty hours per week (i.e., half-time or time-and-one-half the regular rate); (3) whether Defendants would be able to meet their burden of demonstrating good faith, such that it would avoid the imposition of liquidated damages; (4) whether Amazon could be held liable for the alleged pay violations as a joint employer; (5) whether Plaintiffs could obtain and maintain a collective action status of the action; and (6) whether the Parties would appeal myriad legal or factual determinations, including collective action treatment, liability, and damages. (Dkt. No. 13 at 9.) Therefore, the Court finds that the instant litigation involves a bona fide dispute over FLSA provisions.

***Fair and reasonable resolution.*** Based on the record, the settlement agreement is the product of informed, arms-length settlement negotiations between the parties, facilitated by their participation in the ADR process. The Court has reviewed the terms of the parties' confidential settlement agreement and concludes that the settlement amount and attorneys' fees award fairly and reasonably resolves the parties' bona fide dispute. *See Collins v. Sanderson Farms, Inc.*, 568

---

[1] *See, e.g., Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.") (quoting with approval *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)).

F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating an FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair"). The Court agrees with the parties that their settlement agreement is a fair, reasonable, and adequate compromise of Plaintiffs' claims in light of the risks of further litigation and applicable costs.

It is therefore **ORDERED** that Plaintiffs' Motion (Dkt. No. 13) is **GRANTED** and the parties' settlement is approved. It is further **ORDERED** that this action is **DISMISSED** in its entirety **WITH PREJUDICE**, subject to the terms of the settlement agreement.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 13 day of September, 2023.

ORLANDO L. GARCIA
United States District Judge